UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4599

ALEHYA STIEFF, a/k/a Diesel, a/k/a
Buffy,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, District Judge.
(CR-96-24)

Submitted: May 18, 1999

Decided: September 23, 1999

Before NIEMEYER and WILLIAMS, Circuit Judges,
and HALL,* Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

G. Patrick Stanton, Jr., STANTON & STANTON, Fairmont, West
Virginia, for Appellant. David E. Godwin, United States Attorney,

_____

*Senior Judge Hall participated in the consideration of this case but
died prior to the time the decision was filed. The decision is filed by a
quorum of the panel pursuant to 28 U.S.C. § 46(d).

Zelda E. Wesley, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Alehya Stieff was convicted pursuant to her guilty plea of conspiracy to possess with intent to distribute and distribution of crack cocaine. On appeal, she alleges that the district court erred by enhancing her base offense level pursuant to USSG § 3B1.1(c)[1] for her role in the offense. Stieff also alleges that her trial counsel rendered ineffective assistance by failing to fully advise her of the consequences of waiving her objection to an enhancement for possession of a firearm[2] and by failing to subpoena certain witnesses to testify at sentencing. Finding no error, we affirm.

Stieff was part of a large drug conspiracy which distributed crack cocaine in Fairmont and Morgantown, West Virginia. [3] The record shows that Stieff made numerous trips to New York to obtain crack cocaine, ran the local operation when the primary conspirator was away, and received a large share of the profits. Based on this evidence, we find that the district court's decision to enhance Stieff's base offense level was not clearly erroneous. See United States v. Campbell, 935 F.2d 39, 46 (4th Cir. 1991).

_____

[1] **U.S. Sentencing Guidelines Manual** (1997). This section allows a trial court to increase a defendant's base offense level by two levels if the defendant acted as an organizer, leader, manager, or supervisor of more than one person during the course of the conspiracy.
[2] **See** USSG § 2D1.1(b)(1).

[3] The district court held Stieff accountable for over 400 grams of crack.

We review claims of ineffective assistance of counsel on direct appeal only when the ineffectiveness "conclusively appears" on the record. See United States v. Smith, 62 F.3d 641, 651 (4th Cir. 1995). Otherwise, such claims should be raised in the district court in a habeas corpus proceeding rather than in this court by direct appeal. See id. In the present case, we find that the record does not support Stieff's conclusions that her counsel was ineffective. Counsel's recommendation to withdraw the objection to the firearm enhancement for fear of losing a downward departure for acceptance of responsibility was a tactical decision which was not clearly erroneous.[4] Stieff's allegation that the decision deprived her of the opportunity to take advantage of the "safety valve" provisions found in 18 U.S.C.A. § 3553(f) (West Supp. 1998) and USSG § 5C1.2 is without merit. Stieff was not sentenced to a mandatory minimum sentence. To the contrary, she was sentenced at the bottom of the Guidelines range. The decision concerning which witnesses to call is also a tactical one, and we find no clear error in the record.[5]

Accordingly, we affirm Stieff's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____

[4] The record shows that there was significant evidence supporting the enhancement.
[5] We cannot say from the record before us that the testimony of the requested witnesses would have necessarily changed the outcome of the sentencing hearing.

3